USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: April 1, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROVIO ENTERTAINMENT, LTD.,

Plaintiff,

-v-

ALLSTAR VENDING, INC.; MYRNA DORFMAN; TOY AMAZON CORPORATION; HAN WHEN KUO; YUN LONG KUO a/k/a/ JOHNSON KUO; and DOES 1 – 10, inclusive,

Defendants.

---

14-cv-7346 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On September 11, 2014, plaintiff Rovio Entertainment, Ltd. ("plaintiff," or "Rovio") filed this counterfeiting and trademark infringement action against defendants Allstar Vending Inc., Myrna Dorfman, Toy Amazon Corporation ("Toy Amazon"), Han When Kuo, Yun Long Kuo a/k/a Johnson Kuo, and ten Doe defendants, alleging that defendants have exploited and engaged in the unauthorized use of Rovio's copyrights and trademarks relating to the popular video game Angry Birds. (ECF No. 1 ("Compl.").) Defendants Allstar Vending Inc. and Myrna Dorfman subsequently settled with plaintiff, and the action was discontinued as to them. (ECF No. 22.) Rovio served the complaint on Toy Amazon, Han When Kuo, and Yun Long Kuo (collectively, the "Toy Amazon defendants") on October 15-16, 2014. (ECF Nos. 7-11.) Pursuant to Federal Rule of Civil Procedure

12(a)(1)(A)(i), the latest deadline for any of the Toy Amazon defendants to answer plaintiff's complaint was November 6, 2014.

Under Rule 55 of the Federal Rules of Civil Procedure, a court must follow a two-step process before entering default judgment. First, under Rule 55(a), the Clerk of Court must determine that the party against whom a judgment for affirmative relief is sought has failed to "plead or otherwise defend" itself, and then enter that party's default. See Fed. R. Civ. P. 55(a). Second, under Rule 55(b)(2), the party seeking affirmative relief must apply to the court for a default judgment. See Fed. R. Civ. P. 55(b)(2).

On November 10, 2014, Rovio obtained certificates of default against each of the Toy Amazon defendants. (ECF Nos. 16-18.) On January 30, 2015, Rovio filed a motion for default judgment against the Toy Amazon defendants, which Rovio served on them on February 2, 2015. (ECF Nos. 30, 35.) On February 4, 2015, the Court ordered the Toy Amazon defendants to appear and show cause why default judgment should not enter against them at a hearing on March 12, 2015. (ECF No. 36.) Rovio served this order and again served the default judgment motion materials on the Toy Amazon defendants on February 11, 2015. (ECF No. 37.) The Toy Amazon defendants did not appear at the March 12, 2015 hearing. To date, Toy Amazon, Han When Kuo, and Yun Long Kuo have failed to answer or otherwise respond to the complaint, and they have not appeared or sought to defend themselves at any time during this litigation.

For the reasons set forth below, the Court hereby enters default judgment and issues a permanent injunction as against the Toy Amazon defendants.

I. JURISDICTION

A. Subject Matter Jurisdiction

This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 & 1338 in that the case arises out of claims under the federal copyright and trademark laws.

B. Personal Jurisdiction

This Court looks to the law of the forum state in determining whether it has personal jurisdiction over defendants. Licci v. Lebanese Canadian Bank, 732 F.3d 161, 168 (2d Cir. 2013). This Court may only exercise personal jurisdiction over a foreign defendant if doing so is consistent with the Constitution's due process protections. Id.

1. New York long-arm statute.

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant . . . ." Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010) (citations omitted). Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163-64 (2d Cir. 2010) (citing N.Y. C.P.L.R. 302(a)(1)). Even a single act of contact with New York may permit a court to exercise personal jurisdiction over a defendant, so

long as there is a substantial relationship between the transaction and the claim asserted.  E.g., id. at 170.  A defendant's operation of a "highly interactive" website that offers merchandise for sale to consumers in New York and shipment of such merchandise to there "sufficiently demonstrate[s] [the defendant's] purposeful availment of the benefits of transacting business in New York."  Id. at 170-71; see also Hsin Ten Enter. USA, Inc. v. Clark Enters., 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000) ("Generally, an interactive website supports a finding of personal jurisdiction over the defendant.").

Rovio alleges that Toy Amazon advertised, marketed, promoted, and sold the infringing products to New York customers via two highly interactive websites.  (Compl. ¶¶ 4, 8, 36; ECF No. 31 (Pl.'s Br.) at 10-11; Declaration of Ashly E. Sands, ECF No. 32 ("Sands Decl.") ¶¶ 18-19 & ex. 2.)  Rovio also alleges that plaintiff's counsel made a purchase of temporary tattoos from one of Toy Amazon's websites on October 12, 2012, and these products were delivered to Rovio's counsel's New York office.  (Pl.'s Br. at 10; Sands Decl. ¶ 19.)  Plaintiff has therefore adequately pleaded that Toy Amazon ran a highly interactive website that offered merchandise that New York customers could buy and have shipped to them within the state.  The Court may therefore exercise personal jurisdiction over Toy Amazon consistent with New York's long-arm statute.

A single act of selling counterfeit goods in New York may also establish personal jurisdiction under N.Y. C.P.L.R. 302(a)(1).  Chloe, 616 F.3d at 170; see also Mattel, Inc. v. Adventure Apparel, No. 00 CIV. 4085(RWS), 2001 WL 286728, at *3

(S.D.N.Y. Mar. 22, 2001) (single online transaction was sufficient to establish that defendant transacted business in New York within meaning of N.Y. C.P.L.R. 302(a)(1)). Rovio alleges that investigators it hired made an online purchase of infringing products that had been advertised on the internet by the Toy Amazon defendants, and then received them in New York on December 10, 2012. (Sands Decl. ¶ 22 & ex. 3.). This supports the Court's exercise of personal jurisdiction over Toy Amazon.

N.Y. C.P.L.R. 302(a) "also confers jurisdiction over individual corporate officers who supervise and control an infringing activity." Chloe, 616 F.3d at 164. "At the heart of this inquiry is whether the out-of-state corporate officers were 'primary actor[s] in the transaction in New York' that gave rise to the litigation, and not merely 'some corporate employee[s] . . . who played no part in' it." Karabu Corp. v. Gitner, 16 F. Supp. 2d 319 (S.D.N.Y. 1998) (Sotomayor, J.) (quoting Retail Software Servs., Inc. v. Lashlee, 854 F.2d 18, 22 (2d Cir. 1988)); see also Schutte Bagclosures Inc. v. Kwik Lok Corp., No. 12 Civ. 5541(JGK), 2014 WL 4802917, at *5 (S.D.N.Y. Sept. 29 2014) (quoting Karabu on same point). A plaintiff's allegations that a defendant was a primary actor must be sufficiently detailed, as "control cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation." Karabu, 16 F. Supp. 2d at 324.

With respect to Han When Kuo, Rovio alleges only that he serves as President and Principal of Toy Amazon. (Sands Decl. ¶ 17; see Compl. ¶ 14.) These

allegations are insufficient to establish that Han When Kuo was a primary actor in the New York transactions at issue. Accordingly, Rovio's allegations are insufficient to support this Court's exercise of personal jurisdiction over Han When Kuo.

With respect to Yun Long Kuo, Rovio alleges that he is Toy Amazon's President, Manager, and Registered Agent, and he is identified as "Manager" of Toy Amazon in the signature line of an October 26, 2012 email offering infringing products for sale to Rovio's investigators. (Sands Decl. ¶¶ 17, 21; see Compl. ¶ 14.) Rovio alleges Yun Long Kuo sold temporary tattoos to Rovio's counsel in New York on October 11, 2012, sold infringing products to Rovio's investigators in New York on December 3, 2012, and was listed as the importer on the U.S. Customs and Border Protection notice of seizure for 17,500 infringing products on or about March 5, 2014. (Sands Decl. ¶¶ 18-19, 22, 30 & exs. 3, 10; Declaration of Myrna Dorfman, ECF No. 34 ("Dorfman Decl.") ¶¶ 5-6 & ex. B.) As these allegations make clear that Yun Lung Kuo played a central role in the New York transactions at issue, the Court may exercise personal jurisdiction over him consistent with New York's long-arm statute.

Accordingly, the Court may exercise personal jurisdiction over defendants Toy Amazon and Yun Long Kuo, but not defendant Han When Kuo, consistent with New York's long-arm statute.

2. Due process.

Once the Court has established that it may exercise personal jurisdiction over a defendant consistent with law of the forum state, it must then determine "whether the district court's exercise of personal jurisdiction over a foreign

defendant comports with due process protections established under the United States Constitution." Licci, 732 F.3d at 168. To determine whether the Court's exercise of jurisdiction over a foreign defendant comports with due process protections, the Court considers first whether "a defendant purposefully established minimum contacts within the forum State," and second "whether the assertion of personal jurisdiction would comport with fair play and substantial justice"—that is, whether it would be reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (internal quotation marks omitted). The Second Circuit has recited a five factor test for this "reasonableness" analysis: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." Chloe, 616 F.3d at 164-65 (citing Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., 480 U.S. 102, 113-14 (1987)).

Here a consideration of these factors establishes that the Court's exercise of personal jurisdiction over Toy Amazon and Yun Long Kuo is reasonable. Although Toy Amazon is a California corporation with its principal place of business in California (Compl. ¶ 8), it has purposefully established contacts with New York by offering goods for sale to consumers there, and Rovio clearly has an interest in obtaining relief for past and future violations of its copyrights and trademarks. Further, the judicial system has an interest in an expeditious resolution of this

matter, and this Court most familiar with the parties and the facts at issue. Further, Rovio's witnesses and evidence are located in New York and Toronto, whereas the Toy Amazon witnesses and evidence are likely located in China and California (Pl.'s Br. at 14), which signifies that no forum has a particular advantage over another in terms of convenience for the adjudication of this case. Accordingly, the Court may exercise personal jurisdiction over Toy Amazon and Yun Long Kuo consistent with the due process protections of the Constitution.

## II. DISCUSSION

Before entering a default judgment, the Court must review the complaint to determine whether plaintiff has stated a valid claim for relief. See, e.g., City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011); Young-Flynn v. Wright, No. 05 Civ. 1488, 2007 WL 241332, at *24 (S.D.N.Y. Jan. 26, 2007) ("A default judgment is inappropriate where a plaintiff has failed to state a cause of action against the allegedly defaulting defendant, regardless of whether the defendant filed a prompt response, or any response at all.").

For the reasons set forth below, the Court finds that the fact alleged in the complaint support liability for copyright infringement, trademark infringement, and trademark counterfeiting under federal law.[1]

[1] Rovio's complaint asserts federal causes of action for copyright infringement, infringement of registered trademarks, trademark counterfeiting, false designation of origin, and unfair competition under the Copyright Act and the Lanham Act. (Compl. ¶¶ 53-87.) Rovio's complaint also asserts New York state law causes of action for deceptive trade practices, false advertising, unfair competition, unjust enrichment, and breach of contract. (Compl. ¶¶ 88-108.) Rovio's motion for default judgment seeks damages and an injunction based only on its federal infringement and counterfeiting claims. (See ECF No. 31 at 1-2.) Accordingly, the Court does not address Rovio's other federal and state law claims in this Opinion & Order.

A. Liability

1. Copyright infringement.

To state a claim copyright infringement, a plaintiff must allege (1) ownership of valid copyrights in the works allegedly infringed; and (2) that defendants "copied" the copyrighted works without permission. See, e.g., Island Software and Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 260 (2d Cir. 2005); Rogers v. Koons, 960 F.2d 301, 306 (2d Cir. 1992). The term "copy" is defined broadly by the Copyright Act and subsequent case law to include violation of any of the exclusive rights in the bundle conferred on the copyright holder by 17 U.S.C. § 501. Island Software, 413 F.3d at 260. Such rights include the right to make reproductions, to make derivative works, to distribute copies by sale or transfer of ownership, and to display the work publicly. See 17 U.S.C. § 106.

Here, Rovio has pleaded sufficient facts to establish a copyright infringement claim. First, Rovio alleges that it owns copyright registrations in and relating to many Angry Bird characters and authentic Angry Bird products. (Compl. ¶ 31 & ex. B.) Second, Rovio alleges that the Toy Amazon defendants intentionally and willfully sold infringing products that featured images similar or virtually identical to at least 12 works copyrighted by Rovio in connection with Angry Birds. (Compl. ¶¶ 48-52, 57; Sands Decl. ¶ 31 & ex. 11.) Accordingly, Rovio has stated a valid federal copyright infringement claim.

2. Registered trademark infringement.

To state a claim for infringement of a registered trademark or counterfeiting under the Lanham Act, a plaintiff must allege that "(1) it has a valid mark that is

entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of goods or services, (5) without the plaintiff's consent." 1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400, 406-07 (2d Cir. 2005) (internal punctuation and citation omitted).[2]

Rovio alleges that (1) it is the owner of federally registered trademarks relating to Angry Birds (Compl. ¶ 28 & ex. A; Sands Decl. ¶ 15); (2) the Toy Amazon defendants intentionally and willfully sold infringing goods that featured 15 trademarked Angry Birds images (Compl. ¶¶ 48-52, 57; Sands Decl. ¶ 31 & ex. 11); and (3) the Toy Amazon defendants did so without Rovio's consent (Compl. ¶¶ 47, 61, 71, 76). These allegations together establish all of the elements of a claim for infringement of a registered trademark.

B. Damages and Interest

While a party's default is considered a concession of all well-pleaded allegations of liability, it is not considered an admission of damages. Cement &

[2] Section 32 of the Lanham Act imposes civil liability on

> [a]ny person ... [who] without the consent of the registrant—(a) use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale . . . of any goods or services in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1). Rovio's Second Cause of Action asserts a claim for trademark counterfeiting under §§ 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116(d), & 1117(b)-(c). However, the Lanham Act does not provide for a separate cause of action for counterfeiting; rather, it provides for specific kinds of relief for trademark infringement claims based on the sale of counterfeit goods. See Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 114 (E.D.N.Y. 2010); see also Car-Freshener Corp. v. Excellent Deals, Inc., No. 10–CV–1391 (ENV), 2011 WL 3846520, at *2 (the Lanham Act "does not recognize a separate cause of action for trademark counterfeiting"). Accordingly, the Court need not separately analyze whether Rovio has adequately stated its counterfeiting claim.

Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012). "There must be an evidentiary basis for the damages sought," id., and so a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty," Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1997). To determine the damages owed, courts often conduct an inquest hearing, but such a hearing is not required. See Cement, 699 F.3d at 234 ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)) (internal quotation marks omitted)). Here, the Court has not held an inquest hearing, and it relies solely on the papers provided by plaintiff.

Here, Rovio seeks an award of statutory damages in the amount of $2,700,000.00 pursuant to § 504(c) of the Copyright Act and $1,500,000.00 pursuant to § 35 of the Lanham Act. (Pl.'s Br. at 1-2.) For the reasons that follow, the Court grants Rovio's request for statutory damages in its entirety.

1. Copyright Damages.

Section 504(c) of the Copyright Act allows a plaintiff to elect either statutory damages or actual damages for copyright infringement. 17 U.S.C. § 504(c)(1). A court may award statutory damages in the amount of "not less than $750 or more than $30,000 as the court considers just" with respect to any one work. Id. Where a court finds willful infringement, it "in its discretion may increase the award of statutory damages to a sum of not more than $150,000.00." Id. § 504(c)(2). Copyright infringement is deemed willful by virtue of a defendant's default. All-

Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 621-22 (S.D.N.Y. 2011); Fallaci v. New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983).

As established above, Rovio has successfully stated a claim that Toy Amazon and Yun Long Kuo infringed 12 works copyrighted by Rovio, and as these defendants are in default, their infringement may be deemed willful.  Plaintiff seeks damages of $100,000.00 for each infringed copyrighted work, for a total of $1,200,000.00.  This request is just and proportionate to defendants' alleged violations.  The Court accordingly awards Rovio $1,200,000.00 in copyright damages.

      2.    Trademark and Counterfeiting Damages.

Under the Lanham Act, at any time before final judgment is rendered, a trademark owner may elect to recover an award of statutory damages, rather than actual damages, for the use of a counterfeit mark in connection with the sale of goods or services in the amount of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just," or if the use of the counterfeit mark is found to be willful, up to "2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."  15 U.S.C. § 1117(c).  Trademark infringement is deemed willful by virtue of a defendant's default.  Keystone Global LLC v. Auto Essentials, Inc., No. 12CV9077 (DLC), 2015 WL 224359, at *6 (S.D.N.Y. Jan. 16, 2015) (collecting cases).

As established above, Rovio has successfully stated a claim that Toy Amazon and Yun Long Kuo sold infringing goods that featured 15 trademarked Angry Birds images, and as these defendants are in default, their infringement may be deemed willful.  Plaintiff seeks damages of $100,000.00 for each infringed trademarked work, for a total of $1,500,000.00.  This request is just and proportionate to defendants' alleged violations.  The Court accordingly awards Rovio $1,500,000.00 in trademark and counterfeiting damages.

   3.   Post-Judgment Interest.

The Court must award post-judgment interest on any money judgment recovered in a civil case.  See 28 U.S.C. § 1961; STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, 648 F.3d 68, 83 (2d Cir. 2011).  Post-judgment interest is measured "from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment," "computed daily to the date of payment" and "compounded annually."  28 U.S.C. § 1961(a)-(b).  The Court awards plaintiffs post-judgment interest calculated in this manner.

   C.   Injunctive Relief

Rovio seeks a permanent injunction in order to prevent the Toy Amazon defendants from engaging in future violations of Rovio's intellectual property in Angry Birds.  A district court has authority under the Lanham Act and the Copyright Act to grant injunctive relief to prevent further violations of a plaintiff's trademarks and copyrights.  15 U.S.C. § 1116; 17 U.S.C. § 502.  A court may grant a permanent injunction on a motion for default judgment.  See, e.g., Harris v.

Fairweather, No. 11 Civ. 2152 (PKC) (AJP), 2012 U.S. Dist. LEXIS 128409, at *38-39 (S.D.N.Y. Sept. 10, 2012); Pitbull Prods., Inc. v. Universal Netmedia, Inc., No. 07 Civ. 1784 (RMB) (GWG), 2007 U.S. Dist LEXIS 82201, at *13-14 (S.D.N.Y. Nov. 7, 2007). A court may issue such a permanent injunction based on its consideration of (1) the likelihood that plaintiff will suffer irreparable harm if an injunction is not granted; (2) whether remedies at law such as monetary damages are inadequate to compensate plaintiff for that harm; (3) the balance of hardships; and (4) whether the public interest would not be disserved by a permanent injunction. Salinger v. Colting, 607 F.3d 68, 77-78 (2d Cir. 2010) (explaining that this standard, which was articulated by the Supreme Court in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006), applies in copyright actions); see also U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc., 800 F. Supp. 2d 515, 539 & n.16 (S.D.N.Y. 2011) (eBay/Salinger standard also applies in trademark infringement actions).

All of these factors militate toward issuing Rovio's requested permanent injunction. As established above, Rovio has alleged and presented evidence that the Toy Amazon defendants have infringed its trademarks and copyrights, causing irreparable injury to Rovio. Rovio also alleges that it put the Toy Amazon defendants on notice of their infringing activities on several occasions, and the Toy Amazon defendants nevertheless continued such activities. (See Compl. ¶¶ 40-43 & exs. D, E.) Rovio also alleges that the Toy Amazon defendants imported infringing products into the United States at least as recently as March 2014. (Compl. ¶¶ 40, 43 & exs. D, E; Sands Decl. ¶ 30 & ex. 10.) Toy Amazon's past behavior suggests

that Toy Amazon might continue to engage in infringing activities and counterfeiting unless enjoined by the Court, demonstrating the danger that monetary damages will fail to fully provide Rovio with relief.

As to the balance of hardships, "[i]t is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." WPIX, Inc. v. ivi, Inc., 691 F.3d 275, 287 (2d Cir. 2012) (alteration in original) (quoting WPIX, Inc. v. ivi, Inc., 765 F. Supp. 2d 594, 621 (S.D.N.Y. 2011)). And finally, "the public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010).

In sum, each of the factors considered by the Court argues in favor of granting Rovio its requested permanent injunction. Accordingly, the Court issues a permanent injunction prohibiting Toy Amazon and Yun Long Kuo from further infringing upon Rovio's marks and copyrights in Angry Birds.

## III. CONCLUSION

For the reasons set forth above, the Court hereby finds Toy Amazon and Yun Long Kuo liable for $2,700,000.00 plus post-judgment interest. Toy Amazon and Yun Long Kuo are permanently enjoined from further violating the copyrights and trademarks at issue in this case. Han When Kuo is dismissed due to lack of personal jurisdiction. At its option, Rovio may show cause not later than **April 15, 2015** why such dismissal is inappropriate. Plaintiff shall serve a copy of this Order on the Toy Amazon defendants not later than **May 1, 2015** and shall file proof of service on ECF.

The Clerk of Court is directed to close the motion at ECF No. 30 and to terminate this action.

SO ORDERED.

Dated: New York, New York
April 1, 2015

KATHERINE B. FORREST
United States District Judge